<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4920**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRADLEY STEVEN BARRETT,

        Defendant – Appellant,

    and

JANE DOE, #1; JANE DOE, #2; JANE DOE, #3,

        Parties-in-Interest.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:10-cr-00001-IMK-1)

Submitted: February 24, 2011    Decided: February 28, 2011

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Steven Barrett appeals the 405 month sentence imposed after pleading guilty to one count of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (2006). We affirm.

On appeal, Barrett raises one claim of error: that the sentence imposed was substantively unreasonable. We review Barrett's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Because Barrett does not challenge the procedural reasonableness of his sentence, we consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2006)]." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We presume on appeal that a sentence within a properly calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Here, Barrett's advisory Guidelines range was life imprisonment.

We have reviewed the record, and conclude that Barrett's below-Guideline sentence was not unreasonable. Barrett argues that the district court did not accord sufficient weight to the fact that he suffers from cancer. The district

3

court, however, considered Barrett's medical condition, and concluded that because he arguably exploited his condition to further his crimes, his poor health should not mitigate his sentence. We cannot say, viewing that record, that the court abused its discretion. In addition, we conclude that the court did not err in relying on the interests of the victim as a factor in imposing a sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED